IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Joseph C. Sun, | ) | Civil Action No.: 9:08-cv-4021-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph L. Loadholt, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's motion to dismiss and for summary judgment. (Dkt. No. 140). For the reasons stated herein, the Court grants Defendant's motion.

## BACKGROUND

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant, a police officer, violated his constitutional rights when he arrested Plaintiff on March 28, 2007. (*See generally* Dkt. No. 59). Plaintiff alleges that, when he went to the Department of Motor Vehicles ("DMV") to get a South Carolina drivers license, he was asked for his birth date and "gave his correct birth date which was different from the birth date used on some other documents in the past because the old documents were copied from an erroneous old court record based on the Chinese calendar." (*Id.* at 2). Plaintiff alleges that Stacy Smith, a DMV employee, "devised a scheme to cause [Plaintiff] to be falsely arrested and charged" and called Defendant Loadholt to arrest Plaintiff. (*Id.* at 3). Plaintiff alleges that Defendant Loadholt arrested him, handcuffed him in the back, made him stay in a patrol car for an hour, had his car towed, refused to let him call his wife, and took him to the Jasper County Detention Center where he remained

until he was released on bail the next day. (*Id.* at 3-4). Plaintiff also alleges that Defendant confiscated a notebook from Plaintiff when he arrested him, and that certain data was missing from the notebook when Plaintiff picked it up from the police station. (*Id.* at 6).

In his motion for summary judgment, Defendant argues that he was exercising his discretion as a police officer when he responded to the DMV's request and arrested Plaintiff for alteration or falsification of a license pursuant to South Carolina Code § 56-1-515. (Dkt. No. 140-1 at 2). Thus, Defendant argues that he is protected by qualified immunity and that Plaintiff's suit should be dismissed. (*Id.* at 2-4).

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* Further, while the Court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, Defendant is a government official who argues that qualified immunity bars this suit. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Ruling on a defense of qualified immunity therefore requires (1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the officer's position would have known that doing what he did would violate that right." *Pritchett v. Alford,* 973 F.2d 307, 312 (4th Cir. 1992). In determining whether the plaintiff has established the second element, "the proper focus is not upon the right at its most general or abstract level but at the level of its application to the specific conduct being challenged." *Id.* In determining whether the plaintiff has established the third element, the Court must consider the information actually possessed or that was reasonably available to the officer at the critical time, and in light of any exigencies of time and circumstance that reasonably may have affected the officer's perceptions. *Id.* "The tolerance thus accorded by the qualified immunity defense to 'good faith' mistakes of judgment traceable to unsettled law, or faulty information, or contextual exigencies, is deliberately designed to give protection to 'all but the plainly incompetent or those who knowingly violate the law,' . . . in order to avoid undue inhibitions in the performance of official duties." *Id.* at 313 (internal citation omitted). If there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity. *Wiley v. Doory,* 14 F.3d 993, 995 (4th Cir. 1994).

Plaintiff's allegations do not raise a genuine issue of material fact as to whether Defendant is protected by qualified immunity. In his amended complaint, Plaintiff alleges that

Defendant's actions violated his constitutional rights under the Equal Protection Clause and the Fourth Amendment prohibition on illegal searches and seizures. (Dkt. No. 59 at 5-7). In his response in opposition to Defendant's motion, Plaintiff makes the additional argument that Defendant violated his constitutional rights by arresting him without a warrant. (Dkt. No. 151 at 6). However, Plaintiff has not alleged any facts which, if true, would support a finding that Defendant violated a clearly established right.

First, Defendant's decision to arrest Plaintiff based on the information allegedly made available to Defendant does not constitute a violation of the Equal Protection Clause. *See City of Cuyahoga Falls, Ohio v. Buckeye Community Hope Foundation*, 538 U.S. 188, 194 (2003) (holding that plaintiffs must prove a racially discriminatory intent or purpose to establish a violation of the Equal Protection Clause). According to the allegations, Plaintiff provided inconsistent information regarding his birthday to the DMV, and DMV supervisor Stacy Smith then encouraged Defendant to arrest Plaintiff. (Dkt. No. 59 at 2-3). Plaintiff cannot survive a summary judgment motion by simply asserting that his arrest was racially motivated. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that courts need not assume the truth of legal conclusions couched as factual allegations).

Second, Plaintiff has cited no authority to support his argument that Defendant's confiscation of Plaintiff's notebook from his car constitutes a violation of the Fourth Amendment's prohibition of illegal searches and seizures. *See State v. Brown*, 698 S.E.2d 811, 815 (S.C. Ct. App. 2010) (holding that a law enforcement officer may conduct a warrantless search of an arrestee's automobile if the officer reasonably believes that the vehicle contains evidence of the offense of the arrest). To survive summary judgment based on Defendant's confiscation of the notebook, Plaintiff has the burden of creating a genuine issue of material fact

as to whether Defendant's confiscation of the notebook was "plainly incompetent" or a knowing violation of the law. *See Pritchett*, 973 F.2d at 313. Plaintiff has failed to carry this burden.[1]

Finally, in his response to Defendant's motion, Plaintiff argues that Defendant is not protected by qualified immunity because Defendant "fabricat[ed] a criminal charge against Plaintiff Sun and had Plaintiff arrested without an arrest warrant in violation of the Fourth Amendment." (Dkt. No. 151 at 5). However, Plaintiff concedes that he provided conflicting information regarding his birthday to the DMV and alleges that a DMV employee contacted Defendant to arrest plaintiff. (Dkt. No. 59 at 2-3). Defendant was not required to get a warrant before arresting Plaintiff if the facts and circumstances observed by Defendant gave him probable cause to believe that a crime has been freshly committed. *See State v. Martin*, 268 S.E.2d 105, 107 (S.C. 1980). Here, because there is, at a minimum, a legitimate question as to whether Defendant violated Plaintiff's constitutional rights, Defendant is entitled to qualified immunity. *See Wiley*, 14 F.3d at 995.

## CONCLUSION

Plaintiff has not alleged facts which, if true, create a genuine issue of material fact as to whether Defendant violated a clearly established right of Plaintiff. Thus, Defendant is entitled to qualified immunity from suit on Plaintiff's claims. Accordingly, Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED** with prejudice.

---

[1] Plaintiff also alleges that when he received his notebook back "several items containing important and private data were missing and lost." (Dkt. No. 59 at 6). Even accepting this allegation as true, Plaintiff has not established that Defendant violated a clearly established right.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel

United States District Court Judge

October 31, 2011

Charleston, South Carolina